IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FORREST E. BONNER**                                                                          **PLAINTIFF**

**V.**                                   **NO.  4:08CV00474**

**ACE HARDWARE CORPORATION AND**
**JOHN DOE 1**                                                                          **DEFENDANT**

## ORDER

Pending is Plaintiff's motion to transfer.  (Docket # 6). Plaintiff originally filed this action in the Circuit Court of Phillips County, Arkansas.  Defendant removed the action the Eastern District of Arkansas, Western Division,  based on diversity jurisdiction.  Plaintiff requests that the Court transfer the case to the Eastern Division pursuant to 28 U.S.C. §1404(a).  Defendant objects to the transfer.

28 U.S.C. §1404 (a) allows the Court to transfer an action to any other district or division in which it might have been brought for the convenience of parties and witnesses and in the interest of justice.  "In order to show that transfer is proper, the [movant] must establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the convenience of the parties and witnesses and promotes the interests of justice". *Arkansas Right to Life State Political Action Committee v. Butler*, 972 F. Supp. 1187, 1193 (W.D. Ark. 1997).  As in *Butler*, it is the third prong of the test which is in contention in this case.

Defendant bears the burden of proving the alternate forum is more convenient than the one chosen by the plaintiff. *Butler*, 972 F.Supp. at 1193.  In doing so, the defendant must overcome the general principle that the plaintiff's choice of forum should be disturbed only if the

balance of convenience strongly favors the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  "Plaintiff's choice of forum is given 'great weight' and should rarely be disturbed." *Butler,* 972 F.Supp. at 1194.

Defendant argues that venue is proper in both the Eastern and Western Divisions of the Eastern District and Plaintiff has failed to demonstrate that a transfer is warranted.  Plaintiff's complaint alleges that the Defendants, Ace Hardware Corporation and John Doe, a truck driver for Ace Hardware failed to properly secure a load of supplies and aqua packs from falling during delivery, that the supplies fell from the pallet because they were not secured and caused serious injury to the Plaintiff.  The Plaintiff is a resident of Lee County, Arkansas and the accident complained of occurred in West Helena, Phillips County, Arkansas.

Based upon these facts the Court finds that the balance of convenience strongly favors the Helena division over the Little Rock division. The accident occurred in the Eastern Division and the Plaintiff lives in that division,  "[s]ince venue is a procedural rule of convenience, the convenience of the aggrieved party should be first accommodated." *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 33 (8th Cir. C.A.1973).  Accordingly, Plaintiff's  motion to transfer is granted.  The Clerk of the Court is directed to transfer this action to the Eastern Division of this Court.

IT IS SO ORDERED this 7th day of October, 2008.

_____
James M. Moody
United States District Judge